**Wojciech IWANCZUK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0915–ag.

United States Court of Appeals, Second Circuit.

Sept. 10, 2007.

Michael P. Diraimondo, Melville, NY, for Petitioner.

David E. O'Meilia, United States Attorney, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Wojciech Iwanczuk, a native and citizen of Poland, seeks review of a February 6, 2006 order of the BIA denying his motion to reopen deportation proceedings. *In Re Wojciech Iwanczuk,* No. A28 384 515 (B.I.A. Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation,

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Iwanczuk's motion to reopen. The BIA found that Iwanczuk had "foreclosed any opportunity" to learn the result of his appeal when he changed addresses without informing prior counsel of how to contact him. Thus, the BIA provided a "rational explanation," *id.* for its denial of the motion to reopen, explaining that it was Iwanczuk's failure to keep counsel informed of his whereabouts, rather than any act or omission on counsel's part, that resulted in the default of Iwanczuk's appeal. Accordingly, the BIA cannot be said to have "acted in an arbitrary or capricious manner." *Id.* Nor did the BIA abuse its discretion in finding that Iwanczuk did not merit equitable tolling where he failed to demonstrate due diligence. In *Iavorski v. INS*, 232 F.3d 124 (2d Cir. 2000), we held that the petitioner "failed as a matter of law" to exercise due diligence when he made no attempt to investigate the status of his appeal to the BIA for two years. *See id.* at 134. Here, the record does not indicate that Iwanczuk made any attempt to inquire into the status of his immigration proceedings for over fifteen years. As such, the BIA properly concluded that equitable tolling was not warranted.

Iwanczuk's due process and equal protection claims are premised on the notion that the BIA violated Iwanczuk's constitutional rights by not properly applying *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), to the facts of this case. These claims are essentially attempts by Iwanczuk to "cloak[ ] an abuse of discretion argument in constitutional garb." *Saloum v. United States Citizenship &* *Immigration Servs.*, 437 F.3d 238, 243 (2d Cir.2006) (per curiam) (rejecting a petitioner's attempt to invoke jurisdiction under the INA via reference to the REAL ID Act's allowance of "constitutional claims or questions of law"). As in *Saloum*, Iwanczuk "does not contend that he was prevented from presenting his case before the [IJ] or the BIA, [or that he was] denied a full and fair hearing before an impartial adjudicator[,] or otherwise denied a basic due process right." *Id.* at 244 (alterations in original) (internal quotations marks omitted). Rather, he argues that the BIA "incorrectly weighed the evidence, failed to explicitly consider certain evidence, [and] simply reached the wrong outcome," and that the BIA's "purported error constituted a due process violation." *Id.* (Internal quotation marks omitted). As in *Saloum*, we decline to recognize such assertions as bona fide constitutional claims.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).